UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-against-

ONE OR MORE UNKNOWN TRADERS IN THE
SECURITIES OF H.J. HEINZ COMPANY

        Defendants.
------------------------------------------------------------x

13 Civ./080 (JSR)

ECF Case

[Account Number Redacted]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/13

### [PROPOSED] ORDER TO SHOW CAUSE AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Emergency Application of Plaintiff Securities and Exchange Commission (the "Commission") for an order:

(1)     Directing Defendants Certain Unknown Traders in the Securities of H.J. Heinz Company (collectively, the "Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

    (a)     Freezing all of the Defendants' assets that are related to the allegations in the Complaint filed by the Commission on February 15, 2013 ("Complaint"), as detailed further below; and

    (b)     Prohibiting the Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations;

(2)     Pending a hearing and adjudication of the foregoing:

      (a)    Freezing all of the Defendants' assets that are related to the allegations in the Complaint, as detailed further below; and

      (b)    Prohibiting the Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations;

The Court has considered: (1) the Complaint; (2) the Declaration of David S. Brown Pursuant to Local Civil Rule 6.1, executed on February 15, 2013; (3) the Declaration of Megan M. Bergstrom, executed on February 15, 2013, and the exhibits thereto; and (4) Plaintiff's Memorandum of Law in Support of Its *Ex Parte* Emergency Application for an Order to Show Cause, Asset Freeze and Other Relief.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), has been made for the relief granted herein, for the following reasons:

1.    Based on the evidence presented, there is a basis to infer that the Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as alleged in the Complaint, and it appears likely that the Commission will prevail on the merits of its claims under such statute and Rule in this action.

2.    It appears that an order freezing the Defendants' assets related to the allegations in the Complaint, as specified herein, is necessary to preserve the <u>status quo</u> and to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest and civil penalties.

2

3.   It appears that an order prohibiting the Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations, is necessary, to ensure, among other things, compliance with the asset freeze imposed on the Defendants' assets, and to protect the integrity of this litigation.

4.   Good and sufficient reasons have been shown why a procedure other than by notice of motion is necessary. It is appropriate for the Court to issue this Order to Show Cause *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

5.   This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

I.

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this Court at __2:00__ p.m. on the __22nd__ day of __February__, 2013, in Room __14B__ of the United States Courthouse, 500 Pearl Street, New York, New York 10007, why this Court should not enter an Order directing that, pending a final disposition of this action, the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets related to the allegations in the Complaint, held by, or under the direct or

3

indirect control of the Defendants, whether held in any of their names or for any of their direct or indirect beneficial interests wherever situated, including, but not limited to: all assets related to the purchase of 2,533 H.J. Heinz Company options on February 13, 2013, in an account held at Goldman Sachs & Co. and/or its affiliates under the name GS Bank IC Buy Open Listed Options, GS & CO C/O Zurich Office, Attn: Global Control Zurich, account number [Redacted] 030-9, including the gross proceeds of any sales of the Heinz options and any unsold shares of the Heinz options traceable to those purchases.

## II.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service or otherwise, and each of them, from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

## III.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the Commission's application for an asset freeze and order prohibiting the destruction of records as set forth in Parts I and II above, the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive

actual notice of this Order by personal service or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets related to the allegations in the Complaint, held by, or under the direct or indirect control of the Defendants, whether held in any of their names or for their direct or indirect beneficial interests, wherever situated, including, but not limited to: all assets related to the purchase of 2,533 H.J. Heinz Company options on February 13, 2013, in an account held at Goldman Sachs & Co. and/or its affiliates under the name GS Bank IC Buy Open Listed Options, GS & CO C/O Zurich Office, Attn: Global Control Zurich, account number (REDACTED) '030-9, including the gross proceeds of any sales of the Heinz options and any unsold shares of the Heinz options traceable to those purchases.

## IV.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the Commission's application for an asset freeze and order prohibiting the destruction of records as set forth in Parts I and II above, Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

## V.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's application shall be served: (i) upon the Defendants, or their attorneys who agree to accept service on their behalf, or (ii) on the brokerage firm through which the Defendants traded H.J. Heinz Company options, Goldman Sachs & Co., on or before _2/19/13, at noon_ ~~, 2013,~~ by personal delivery, facsimile, overnight courier, email or first-class mail.

## VI.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than _2/20/19_ ~~2013~~, at ~~5:00~~ 8:00 p.m. ~~p.m.~~ Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to the New York Regional Office of the Commission at 3 World Financial Center, Suite 400, New York, New York 10281, Attn: Charles Riely, or such other place as counsel for the Commission may direct in writing. The Commission shall have until _2/21_, 2013, at 5:00 p.m., to serve, by the most expeditious means available, any reply papers upon the Defendants or their counsel, if counsel shall have made an appearance in this action.

6

## VII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

_____
UNITED STATES DISTRICT JUDGE

Issued at: 11:55 a.m.
2/15, 2013
~~New York, New York~~
Pasadena, CA