UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

              13 Civ. 1080 (JSR)

              ECF CASE

CERTAIN UNKNOWN TRADERS IN THE
SECURITIES OF H.J. HEINZ COMPANY     [Account No. Redacted]

                Defendants.
-----------------------------------------------------------------x

## [PROPOSED] ORDER FREEZING ASSETS AND PROHIBITING DESTRUCTION OF RECORDS

WHEREAS The Court has considered: (1) the Complaint; (2) the Declaration of David S. Brown Pursuant to Local Civil Rule 6.1, executed on February 15, 2013; (3) the Declaration of Megan M. Bergstrom, executed on February 15, 2013, and the exhibits thereto; and (4) Plaintiff's Memorandum of Law in Support of Its *Ex Parte* Emergency Application for an Order to Show Cause, Asset Freeze and Other Relief.

AND WHEREAS the deadlines for responses by Defendants under this Court's Orders to Show Cause of February 15, 2013 have passed without objection by any of the Defendants or any other parties;

BASED UPON THE FOREGOING, the Court finds that a proper showing, as required by Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), has been made for the relief granted herein, for the following reasons:

1.      Based on the evidence presented, there is a basis to infer that the Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as alleged in the Complaint, and it appears likely that the Commission will prevail on the merits of its claims under such statute and Rule in this action.

2.      An order freezing the Defendants' assets related to the allegations in the Complaint, as specified herein, is necessary to preserve the status quo and to protect this Court's ability to award relief in the form of disgorgement of illegal profits from the violations, prejudgment interest and civil penalties.

3.      An order prohibiting the Defendants from destroying, mutilating, concealing, altering or disposing of records of any kind, including but not limited to financial records, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations, is necessary, to ensure, among other things, compliance with the asset freeze imposed on the Defendants' assets, and to protect the integrity of this litigation.

4.      This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that, pending a final disposition of this action, the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other

disposal of any assets related to the allegations in the Complaint, held by, or under the direct or indirect control of the Defendants, whether held in any of their names or for their direct or indirect beneficial interests, wherever situated, including, but not limited to: all assets related to the purchase of 2,533 H.J. Heinz Company options on February 13, 2013, in an account held at Goldman Sachs & Co. and/or its affiliates under the name GS Bank IC Buy Open Listed Options, GS & CO C/O Zurich Office, Attn: Global Control Zurich, account number [Redacted] 030-9 [Redacted], including the gross proceeds of any sales of the Heinz options and any unsold shares of the Heinz options traceable to those purchases.

## II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the Commission to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

## III.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the Commission's application shall be served: (i) upon the Defendants, or their attorneys who agree to accept service on their behalf, or (ii) on the brokerage firm through which the Defendants traded H.J. Heinz Company options, Goldman Sachs & Co., on or before 2/25/13.

3

_____, 2013, by personal delivery, facsimile, overnight courier, email or first-class mail. The Commission shall file a certificate of service on ECF indicating that such service has been effectuated.

### IV.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the Defendants and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

Dated: New York, NY  
February 2_, 2013

JED S. RAKOFF  
UNITED STATES DISTRICT JUDGE