UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

-against-

CERTAIN UNKNOWN TRADERS IN
THE SECURITIES OF H.J. HEINZ
COMPANY

    Defendant.

13 Civ. 1080 (JSR)
ECF CASE

## DECLARATION OF MARTYN ROBIN CARRÉ

I, Martyn Robin Carré, do hereby declare and swear as follows:

1. I am a director and signatory of the British Virgin Islands company that serves as the sole director (the "Director") of Alpine Swift Ltd. ("Alpine"). I am also a director of the Swiss trust company that serves as the sole trustee (the "Trustee") of the Troika Trust, the sole shareholder of Alpine.

2. As part of my general responsibilities, I oversee the administration and operation of Alpine and the Troika Trust. I am a resident of Kilchberg, Switzerland and an adult over eighteen years of age. The statements in this Declaration are based on my own personal knowledge, including based on knowledge obtained from the business records available to me and my general knowledge of the business practices of Alpine and the Troika Trust.

3. Alpine is a limited liability investment holding company incorporated in the Cayman Islands in 2010. The Troika Trust, an irrevocable, discretionary trust formed under the

laws of the Cayman Islands, is the sole shareholder of Alpine. Attached hereto as Exhibit A is an organizational chart reflecting the organization of the Troika Trust.

4. The primary purpose of the Troika Trust is succession planning. Alpine holds all of the assets of the Troika Trust. An independent investment advisor has full responsibility for the investment of these assets. Alpine does not hold any bank accounts or real estate in the United States.

5. The Director of Alpine is a company incorporated in the British Virgin Islands and a wholly owned subsidiary of the Trustee of the Troika Trust. All individual directors and signatories of the Director and Trustee are based in Switzerland. Under the terms of the Troika Trust, the Trustee may only be removed by the protector of the trust appointed by the settlor (the "Protector").

6. The Trustee and Director collectively monitor and control any withdrawals, transfers, or distributions from any account held by Alpine. The Trustee has the ability, with the consent of the Protector, to change the beneficiaries of the Troika Trust and to decide whether and to what extent to make distributions to the beneficiaries. The Trustee has not changed the beneficiaries or made any distribution of Alpine's assets since the inception of the Troika Trust.

7. The investment advisor appointed by the settlor for the Troika Trust is a British Virgin Islands company (the "Investment Advisor"). I understand that the sole director of the Investment Advisor is a Brazilian citizen and resident. Under the terms of the Troika Trust, the Investment Advisor has sole power to make all decisions relating to the investment of Alpine's assets. The Trustee may revoke the Investment Advisor's investment authority without the settlor's consent only in cases (1) of suspected fraud or criminal action by the Investment Advisor; or (2) where the Trustee concludes that the investment decisions by the Investment

2

Advisor would expose the Trustee to personal liability for criminal sanctions or civil damages in excess of the trust assets.

8. The settlor and beneficiary of the Troika Trust are Cayman Island companies that are wholly owned by a Brazilian citizen and resident (the "Beneficial Owner"). The Beneficial Owner has no power of attorney over any account held by Alpine. Accordingly, the Beneficial Owner is not authorized to (1) withdraw funds; (2) make investment decisions; or (3) request or receive information from a bank about any Alpine account.

9. Alpine has held an investment account at a global bank in Switzerland (the "Bank") since 2011. Under the terms of the Troika Trust, the Investment Advisor has sole responsibility for making investment decisions concerning the account. Accordingly, pursuant to the terms of the Troika Trust and the Investment Advisor's directions, Alpine issued a power of attorney enabling the Investment Advisor to give investment instructions to the Bank. In compliance with the terms of the Troika Trust, Alpine did not grant any other person or entity the authority to make investment decisions over the account

10. As the account holder, Alpine is occasionally required to sign documents authorizing investments for the Bank, but it only does so at the direction of the Investment Advisor. Alpine retains exclusive authority over any withdrawals or transfers from the account. It has not allowed any distributions to the Beneficial Owner or any other individual or entity since the account was opened.

11. Alpine had no involvement in or knowledge of the trades described in the Complaint filed by the U.S. Securities and Exchange Commission ("SEC") in this matter. After the Complaint was filed, Alpine was informed by the Bank that, on February 13, 2013, an individual orally instructed the Bank to purchase 2,533 call options in H.J. Heinz Company

3

through Alpine's account (the "Heinz Transaction"). This individual did not have a power of attorney or other authority to place transactions in Alpine's account at the Bank and placed the transaction without Alpine's knowledge. Alpine did not learn of the Heinz Transaction until after the SEC filed the Complaint and obtained a preliminary freezing order on February 15, 2013.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Martyn Robin Carré

Sworn this 16th day of September, 2013.