UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

    -against-                                  13 Civ. 1080 (JSR)

MICHEL TERPINS and
RODRIGO TERPINS,

                Defendants, and

ALPINE SWIFT LTD.,

                Relief Defendant.

---

## FINAL JUDGMENT AS TO RELIEF DEFENDANT ALPINE SWIFT LTD.

The Securities and Exchange Commission having filed an Amended Complaint ("Complaint") and Relief Defendant Alpine Swift Ltd. ("Relief Defendant") having entered a limited appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable, on a joint and several basis with defendant Michel Terpins and/or defendant Rodrigo Terpins, for disgorgement of $1,809,857, representing profits gained as a result of the conduct alleged in the Complaint. This obligation shall be satisfied by payment of $1,809,857 to the Securities and Exchange Commission within 14 days after

entry of this Final Judgment. Relief Defendant shall satisfy its obligation by relinquishing, within 14 days after entry of this Final Judgment, all legal and equitable right, title and interest in $1,809,857 of the proceeds from the purchase of H.J. Heinz Company options in the Relief Defendant's account with Goldman Sachs & Co. and/or its affiliates ("Goldman Sachs") on February 13, 2013. These proceeds are currently held by Goldman Sachs and are subject to the Court's asset freeze Orders of February 15, 2013 (Docket No. 3) and February 20, 2013 (Docket No. 9) (the "Frozen Funds").

In satisfaction of Relief Defendant's disgorgement obligations, Goldman Sachs is hereby directed to transmit $1,809,857 of the Frozen Funds to the Commission within 14 days after entry of this Final Judgment. Goldman Sachs may transmit this payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Goldman Sachs may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Alpine Swift as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Goldman Sachs shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By

2

making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

Following the payment of Relief Defendant's disgorgement obligations by Goldman Sachs to the Commission as set forth above, all asset freeze and document preservation obligations imposed by the Court's Orders of February 15, 2013 (Docket No. 3) and February 20, 2013 (Docket No. 9) shall terminate as to the remaining Frozen Funds and as to Relief Defendant immediately, without further order of the Court.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 4/1/, 2013

Honorable Jed S. Rakoff
UNITED STATES DISTRICT JUDGE